**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DANIEL ALLEN DAYS, | : | MOTION TO VACATE |
| Fed. Reg. No. 70024-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| | : | 1:16-CR-142-AT-JSA |
| v. | : | |
| | : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:17-cv-2952-AT-JSA |
| Respondent. | : | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant Daniel Allen Days has filed the instant *pro se* motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. 37). Movant seeks to challenge the constitutionality of his conviction and sentence following his guilty plea in the Northern District of Georgia.

I.    Factual And Procedural History

A.    Procedural History

On April 27, 2016, after being investigated and intercepted by the FBI for trafficking firearms from Atlanta to New Jersey, Movant was indicted by a federal grand jury for being an eight-time felon in possession of firearms, including two rifles, two pistols, and one shotgun in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1; PSR ¶ 11). One of the rifles of which Movant had possession

was capable of accepting a large capacity magazine.  (PSR ¶¶ 8, 20).  Movant entered a non-negotiated guilty plea on July 27, 2016.  (Doc. 22).

The statutory maximum for a § 922(g) offense is 120 months.  *See* 18 U.S.C. § 924(a)(2); *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010).  The PSR placed Movant at a total offense level of 26 and a criminal history category of VI, resulting in a sentencing range of 120-150 months.  (PSR at 25, Part D).  Prior to sentencing the Government filed a sentencing memorandum asking the Court to sentence Movant the statutory maximum of 120 months of imprisonment, and Movant's counsel filed a sentencing memorandum requesting a seventy-month sentence.  (Docs. 25, 26).  On October 25, 2016, U.S. District Judge Amy Totenberg sentenced Movant to 115 months of imprisonment with credit for time served to be followed by three years of supervised release.  (Doc. 30).  Movant did not file a direct appeal of his conviction and sentence.

Movant filed the instant § 2255 motion on August 4, 2017,[1] and claims that counsel was ineffective because counsel:

---

[1]     Under the federal "mailbox rule," both a *pro se* federal habeas petition and a § 2255 motion are deemed to be filed on the date they were delivered to the prison authorities for mailing, and absent any evidence to the contrary, the Court presumes the prisoner delivered his pleading to prison officials on the day it was signed.  *See Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008).  Movant did not sign the § 2255 motion so the Court cannot apply the mailbox rule thereto; however, the Government concedes that the timeliness of the motion is not at issue.  (*See* Doc. 44 at 6 n.1).

(1)     failed to investigate the law as it applied to Movant's prior conviction for family violence battery resulting in an increased base offense level within the plea agreement;

(2)     failed to object to the Court's conclusion that Movant's prior family violence battery conviction was a crime of violence under the "force clause" of the Sentencing Guidelines, which falsely enhanced Movant's base offense level; and

(3)     allowed Movant to forfeit his appellate rights and Movant thus could not appeal the categorization of his prior family violence battery conviction as a crime of violence which falsely enhanced his base offense level.

(Doc. 37).[2]

For the following reasons, the undersigned **RECOMMENDS** that the instant § 2255 motion be **DENIED**.

II.     Standard of Review

Congress enacted § 2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990).  Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction

---

[2]     Although Movant sets forth two grounds in the § 2255 motion, for ease of reference and discussion the undersigned has divided his first claim into two separate grounds for relief.

to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Id.* (citations omitted); *see generally United States v. Hayman*, 342 U.S. 205 (1952).

"[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

The Court should order an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." As discussed below, Movant's § 2255 motion and the record in this case conclusively show that he is not entitled to relief in connection with his claims. Thus, no evidentiary hearing is required.

III.   Analysis

    A.   The Standard For Evaluating Ineffective Assistance Of Counsel Claims

The standard for evaluating ineffective assistance of counsel claims was set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Green v. Nelson*, 595 F.3d 1245, 1239 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)

(citing *Strickland*, 466 U.S. at 688).  To establish deficiency, a petitioner is required to establish that "counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins* 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688).  To establish prejudice, a petitioner must prove a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Allen v. Secretary, Fla. Dep't of Corr.*, 611 F.3d 740, 750 (11th Cir. 2010).

"An attorney's performance is not deficient in hindsight just because he or she made one choice versus another." *Scott v. United States*, 890 F.3d 1239, 1259 (11th Cir. 2018).  *See also Willis v. Newsome*, 771 F.2d 1445, 1447 (11th Cir. 1985) ("Tactical decisions do not render assistance ineffective merely because in retrospect it is apparent that counsel chose the wrong course.").  An ineffective assistance claim should be examined based on the "'totality of the circumstances[,]'" *McCoy v. Newsome*, 953 F.2d 1252, 1262 (11th Cir. 1992) (citations omitted), and the court may "dispose of [the] ineffectiveness [claim] on either of its two grounds." *Atkins v. Singletary*, 965 F.2d 952, 959 (11th Cir. 1992).  *See also Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").  *Strickland*'s two-pronged test applies to counsel's representation of a defendant in connection with a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58-

5

59 (1985). The movant must show that his "counsel's constitutionally ineffective performance affected the outcome of the plea process[,]" *Id.* at 59, by "convinc[ing] the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). *See also Jackson v. United States*, 463 F. App'x 833, 835 (11th Cir. 2012) ("If [the movant] cannot establish both that counsel misadvised him and that a decision not to plead guilty would have been rational, his claim that his guilty plea was not knowing and voluntary due to counsel's ineffectiveness will fail."). "[A] petitioner's bare allegation that he would not have pleaded guilty is insufficient to establish prejudice under *Strickland*." *Roach v. Roberts*, 373 F. App'x 983, 985 (11th Cir. 2010) (per curiam) (citation omitted).

      B.    <u>Movant Has Failed To Demonstrate Ineffective Assistance Of Counsel.</u>

All three of Movant's arguments center around the fact that he allegedly entered into a plea agreement, which he did not. (*See* Doc. 22, Attach. 1). *See also* Doc. 41 (Plea Transcript) at 2. Because there was no plea agreement, Movant could not have forfeited his right to appeal under any such non-existent agreement. Thus, Movant is not entitled to relief in connection with this claim. Despite the fact that there was no plea agreement, the Court will endeavor to analyze Movant's remaining two ineffective assistance of counsel claims.

Movant's first claim – that counsel failed to investigate the law on family violence battery resulting in an increased base offense level under the advisory Sentencing Guidelines – simply is without merit.  Movant appears to suggest that if counsel had researched the nature of his battery convictions, those convictions may not have qualified as crimes of violence for purposes of the base level enhancement of U.S.S.G. § 2K2.1(a)(1) (applying a base offense level of 26, "if (A) the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine; or (ii) firearm that is described in 26 U.S.C. § 5845(a); and (B) the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense.")  Movant provides no explanation as to how an "investigation" into the law regarding these convictions would have shed light on any relevant finding.  But, regardless, the argument here fails because Movant's offense level was demonstrably not impacted by any of his family violence battery convictions.[3]

Instead, Movant's base offense level was calculated to be 26 because his offense involved "a semi-automatic firearm capable of accepting a large capacity magazine" and because he had "sustained at least two felony convictions for a *controlled substance offense*."  (PSR ¶¶ 20) (emphasis added).  *See* U.S.S.G.

---

[3]    Although Movant only refers to a single conviction for family violence battery, according to the PSR he has three Georgia convictions for family violence battery and one Indiana conviction for domestic battery.  (PSR at ¶¶ 47, 50-52).

§2K2.1(a)(1).   Thus, the Guideline applied for an enhanced offense level if a Defendant had *either* two qualifying convictions for crimes of violence *or* controlled substance offenses.   In this case, the enhancement was based on Defendant's prior drug offenses, and not specifically because the family violence battery convictions were deemed to constitute prior crimes of violence.

The PSR next applied a four-level enhancement to that base offense level since the instant offense involved between eight and twenty-four firearms [*id.* at ¶21]; however, Movant's adjusted offense level could not exceed 29 under §2K2.1(b)(4) of the Sentencing Guidelines.   As a result, Movant's adjusted offense level was 29 instead of 30.   (PSR ¶26).   Movant also received a three-level reduction for acceptance of responsibility [*id.* at ¶¶28-29; U.S.S.G. § 3E1.1], making his total adjusted offense level 26.   As explained above, the calculation of his adjusted offense level did not consider his convictions for family violence battery; rather, those convictions only became relevant in connection with Movant's criminal history points.

Thus, counsel's failure to investigate the non-existent effect Movant's family violence convictions would have on his adjusted offense level could not have been unreasonable professional assistance.   *See Capshaw v. United States*, 618 F. App'x 618, 622 (11th Cir. 2015) (finding counsel was not ineffective for failing to raise a meritless claim); *Harrison v. United States*, 577 F. App'x 911, 915 (11th Cir. 2014)

("In short, the failure of Harrison's appellate counsel to raise these meritless issues on appeal cannot have constituted ineffective assistance."); *accord Ladd v. Jones*, 864 F.2d 108, 110 (11th Cir. 1989); *Mylar v. State of Ala.*, 671 F.2d 1299, 1301 (11th Cir. 1982).

Nor has Movant demonstrated or even alleged that a rational defendant in his situation would not have entered a guilty plea had counsel conducted any such investigation. *See Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) (stating that the defendant has the burden of affirmatively proving prejudice). Movant, therefore, is not entitled to relief in connection with this ground. *See Saunders v. United States*, 278 F. App'x 976, 979 (11th Cir. 2008) (finding the defendant failed to demonstrate prejudice because he had not alleged any facts that, if true, would entitle him to relief); *United States v. Chapa*, 800 F. Supp. 2d 1216, 1225 (N.D. Ga. 2011) (holding defendant's conclusory allegations of prejudice did not meet his burden where he had "not offered anything beyond his bare allegations to support a finding that he was prejudiced, i.e., that he would not have pled guilty if [counsel] had not given him allegedly erroneous advice.") (Vining, J.), *aff'd*, 514 F. App'x 837 (11th Cir. 2013).

Likewise, Movant's second claim – that counsel was ineffective for failing to object to the Court's conclusion that Movant's previous conviction(s) for family violence battery were crimes of violence under the "force clause" of the Sentencing

Guidelines and thereby falsely increased his offense level – is without merit.  As discussed herein with his first ground for relief, Movant's convictions for family violence battery did not affect the calculation of his base offense level.

Even if this Court could construe Movant's claim as alleging that counsel was ineffective for failing to object to the fact that the Court allegedly falsely considered his family violence battery convictions as crimes of violence which falsely increased his criminal history category, this claim also fails.  Indeed, U.S.S.G. § 4B1.2(a), *i.e.,* the "force clause," defines a crime of violence as "any offense punishable by imprisonment for a term exceeding one year that-" *inter alia*, "has an element the use, attempted use, or threatened use of physical force against the person of another." *Id.*  Movant was sentenced to more than a year for two of his three family violence battery convictions and all of his battery convictions involved Movant's use of physical force against the victims which caused them physical bodily harm.  (PSR ¶¶47, 50-52).  Moreover, the Eleventh Circuit has held that a family violence battery conviction under Georgia law is, in fact, a crime of violence, under the identical language to §4B1.2(a)'s force clause set forth in 18 U.S.C. § 16.  *United States v. Parra-Guzman*, 648 F. App'x 974, 975-76 (11th Cir. 2016); *Hernandez v. United States Att'y Gen.*, 513 F.3d 1336, 1340 (11th Cir. 2008).  Because Movant's family violence battery convictions did, in fact, involve the use of physical force, counsel certainly was not professionally unreasonable for failing to object to those

10

convictions as not involving physical force.  Indeed, Movant has not explained what any "investigation" into the law would have yielded, or that such an "investigation" would have led to a reasonable likelihood of characterizing his prior battery convictions as anything other than a crime of violence.  Nor has Movant even alleged that had counsel so objected a rational defendant would not have moved forward with the plea.

To that end, both the Government and Movant's counsel indicated that Movant's criminal history points actually equaled more than double the amount needed for a Category VI [Doc. 42 at 10, 48], yet the Court still imposed a sentence lower than the lowest end of the advisory guideline range and less than the maximum sentence.  It is thus difficult to imagine how any rational defendant would not have entered a guilty plea and/or how the outcome would have been different had counsel objected to the criminal history points Movant received for his family violence battery convictions.  Accordingly, Movant is not entitled to relief in connection with his second ground for relief.

III.    Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Daniel Allen Days' motion to vacate his sentence [Doc. 37] be **DENIED WITH PREJUDICE**.

IV.    Certificate Of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part."   *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion.  *See id.*  "The question is the debatability of the underlying constitutional claim, not the resolution of that debate."  *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325).   In other

12

words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant has not demonstrated that he received ineffective assistance of counsel. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be denied.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 23rd day of May, 2019.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE